Filed 7/28/16  P. v. Xirouhakis CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ANTONIOS DIMITRIOUS XIROUHAKIS,<br><br>    Defendant and Appellant. | C080825<br><br>(Super. Ct. No. P12CRF0303) |

Appointed counsel for defendant Antonios Dimitrious Xirouhakis has filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 123-124.)

1

Elicia Hill paid defendant $30,000 for five acres of land defendant claimed to own. Hill also paid defendant $20,000 for a second piece of land that he claimed to own. A few weeks later, defendant sent Hill a letter saying he did not own the land.

Mary Lusi paid defendant $12,420 to remodel her kitchen, but defendant failed to perform the work. Lusi suffered $12,500 in additional damages related to defendant's failure to complete the remodel, including hiring a contractor to repair and complete the work and purchasing a barbeque so that she could cook during the year-long remodel.

Defendant was charged with attempt to file false or forged instrument (counts 1 & 3; Pen. Code, § 115, subd. (a)); felony grand theft of personal property (counts 2, 4 & 5; Pen. Code, § 487, subd. (a)); felony unlawful use of a contractor's license (count 6; Bus. & Prof. Code, § 7027.3) and misdemeanor contracting without a license (count 7; Bus. & Prof. Code, § 7028).

Defendant pleaded no contest to counts 6 and 7. Per the parties' agreement, the trial court placed defendant on three years' probation. All the remaining counts were dismissed with a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754. The trial court imposed a $300 restitution fine and a stayed $300 probation revocation fine. (Pen. Code, §§ 1202.4, subd. (b), 1202.44.) The trial court also awarded restitution of $30,000 to Hill and $24,920 to Lusi, with $150 to be paid monthly to each victim.

Defendant appeals without a certificate of probable cause.

DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and asks us to determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Counsel advised defendant of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant. We have undertaken an examination of the entire record and find no arguable error that would result in a disposition more favorable to defendant.

2

## DISPOSITION

The judgment is affirmed.

      NICHOLSON      , Acting P. J.

We concur:

      DUARTE      , J.

      RENNER      , J.